## 54677. BROWN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was convicted of armed robbery and appeals after the overruling of his motion for new trial. *Held:*

1. We consider this appeal in compliance with the ruling of the Supreme Court in *Collins v. State,* 239 Ga. 400, 402 (2) (236 SE2d 759).

2. The defendant was sentenced to life imprisonment. His counsel argues that the court erred by sentencing defendant under Code Ann. § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355) where he had not been indicted as a recidivist.

The trial judge conducted a sentencing hearing after verdict at which previous convictions of the defendant were introduced and the following colloquy occurred. The court: "You got two prior felony convictions and I believe it — some provisions of the law, that a conviction of the third felony, on certain conditions, that maximum penalty should be imposed." Prosecuting attorney: "That is correct, Your Honor."

It is well settled that "one must be indicted as a recidivist in order to impose recidivist punishment." *Riggins v. Stynchombe,* 231 Ga. 589, 593 (203 SE2d 208). Accord, *Fore v. State,* 237 Ga. 507 (3) (228 SE2d 885). However, under Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357), prior convictions may be introduced at the presentence hearing in "aggravation of punishment." *Bradley v. State,* 135 Ga. App. 865 (219 SE2d 451). The trial judge has a discretion in imposing sentence within the parameters of the punishment prescribed and defendant's remedy for excessive harshness lies under Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358; 1977, pp. 1098, 1104, eff. July 1, 1977). *Lee v. State,* 139 Ga. App. 65 (227 SE2d 878); *Thomas v. State,* 139 Ga. App. 364 (228 SE2d 386).

Here no contention is made as to lack of prior notice of the convictions under Code Ann. § 27-2503 nor as to their general inadmissibility. We do not regard the trial judge's statement as being an unqualified application of recidivist punishment with regard to the defendant since a reading of the entire hearing transcript does not reveal punishment was applied under Code Ann. § 27-2511 but instead shows it was based on defendant's record. Hence, we are not authorized to set aside the judgment.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED JANUARY 10, 1978.

*William S. Cain,* for appellant.
*E. Mullins Whisnant, District Attorney, William J.*

*Smith, Assistant District Attorney,* for appellee.