## 60027. BATTLE v. THE STATE.
## 60028. BURT v. THE STATE.

QUILLIAN, Presiding Judge.
Defendants appeal their convictions in a joint trial for armed robbery. *Held:*

1. Defendant Burt claims error because his motion to sever his case from that of Battle was denied. The trial judge did not abuse his discretion in denying severance as both defendants were jointly indicted for the same offense, which involved the same witnesses, and the evidence indicated that they acted in concert. *Deuser v. State,* 138 Ga. App. 211 (2) 225 SE2d (758); *Hall v. State,* 143 Ga. App. 706 (1) (240 SE2d 125).

2. Both defendants contend that the trial court erred in denying their motions for directed verdicts of acquittal at the close of the

state's evidence. Battle claims that the evidence was circumstantial and did not exclude every other reasonable hypothesis save that of guilt. Burt claims that the evidence failed to show that any property was taken from the immediate presence of the alleged victim. (Battle claims the same on the general grounds, alleging there was a fatal variance.) We find no merit in these contentions.

The evidence was not entirely circumstantial as there was an in-court identification of both defendants as the robbers by a witness present at the scene of the robbery. Such evidence does not demand a verdict of acquittal. "It is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. [Cit.]" *Muhammad v. State,* 243 Ga. 404, 407 (254 SE2d 356).

The evidence shows that the alleged victim, Busbee, was the only employee present in and in charge of a grocery store during early morning hours when the robbery occurred. Busbee was suprised by two men armed with a pistol in the back of the store and locked in a dairy cage in the cooler in the store with a delivery man they had also captured. The intruders then had access to the entire store and the two men in the dairy cage heard them moving around in the store although they could not see what they were doing. Later, after the two men were discovered in the dairy cage, store property was found to be missing from the store manager's ransacked office in another part of the store. Defendants complain that the property was not taken from Busbee's immediate presence.

"A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by the use of an offensive weapon." Code Ann. § 26-1902 (Ga. L. 1968, pp. 1249, 1298; 1969, p. 810; 1976, p. 1359).

"One's 'immediate presence' in this context stretches very far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." *Welch v. State,* 235 Ga. 243, 245 (219 SE2d 151). In this case the evidence was sufficient to authorize the jury to find that the property was taken from the immediate presence of Busbee.

3. Defendant Battle enumerates the general grounds as error. We find the evidence sufficient to authorize a rational jury to find the defendants guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. During his final argument, counsel for defendant Burt remarked that a state's witness' testimony was so incredible that the state should have called the witness' wife to substantiate it. The prosecutor, in his closing argument, remarked on the failure of the

defense to call the same wife as a witness if they believed she would contradict her husband. Defendant Burt moved for a mistrial because of the prosecutor's comment, the denial of which he enumerates as error.

While a prosecutor may not comment on a defendant's failure to testify, "[i]t is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut proof adduced by the state." *Allanson v. State,* 144 Ga. App. 450, 455 (241 SE2d 314). A comment upon a defendant's failure to produce a witness is not error. *Gamarra v. State,* 142 Ga. App. 196 (5) (235 SE2d 652).

5. Defendant Burt's remaining enumeration of error has no merit.

*Judgments affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 4, 1980.

*W. L. Dwyer,* for appellant (case no. 60027).
*Thomas R. McFarland,* for appellant (case no. 60028).
*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney,* for appellee.