### 67380. BYSE v. THE STATE.

SHULMAN, Presiding Judge.

The indictment in this case alleged that appellant had committed an armed robbery against Jessie Dunham and an aggravated assault with intent to rob against Daisy Dunham. At trial, the Dunhams both identified appellant as the woman who entered their home, shot Mr. Dunham, beat Mrs. Dunham, and threatened her with a gun. While appellant was otherwise occupied, both victims managed to flee from their home and summon help. Upon the arrival of the police, the Dunhams were taken to the hospital for treatment of their wounds. Mrs. Dunham returned to the home approximately seven hours after fleeing the premises and discovered that her purse was missing.

1. Appellant argues that the evidence presented at trial was insufficient to support her armed robbery conviction. OCGA § 16-8-41 (a) (Code Ann. § 26-1902) states that one commits armed robbery when, "with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon . . ." Appellant concedes that there is evidence that a purse was taken from the premises but contends that since it could have been removed during the seven-hour period the victims were away from their home, it is only speculation that it was appellant who took the missing property. However, there was evidence of appellant's presence at the house, her search (presumably for valuables) of Mr. Dunham's pants pockets, her threatening behavior, and Mrs. Dunham's testimony that the police locked the house before escorting the victims to the hospital. The circumstantial evidence concerning the incident was sufficient to satisfy the requirements of OCGA § 24-4-6 (Code Ann. § 38-109) and to authorize the the jury's conclusion that appellant had taken the missing purse. See *Welch v. State,* 235 Ga. 243 (1) (219 SE2d 151).

2. Appellant also contends that the failure of the state to include in the indictment an allegation of a taking from Daisy Dunham resulted in a fatal variance between the allegata and the probata. We disagree. As mentioned earlier, the indictment charged

appellant with the armed robbery of Jessie Dunham. The fact that the only property taken was Daisy's purse does not vitiate the armed robbery conviction since the crime is one against possession, not ownership. *Creecy v. State,* 235 Ga. 542 (5) (221 SE2d 17). Furthermore, despite the fact that Mr. Dunham had been forced to flee his home prior to the taking, the property was taken from his "immediate presence" by use of an offensive weapon. OCGA § 16-8-41 (a) (Code Ann. § 26-1902); *Painter v. State,* 237 Ga. 30, 34 (226 SE2d 578); *Welch v. State,* supra, p. 245; *Battle v. State,* 155 Ga. App. 541 (2) (271 SE2d 679).

3. The testimony of the victims that the robbery was conducted at gunpoint made out an uncontradicted case of armed robbery. The defense presented by appellant was a denial that she had taken any part in the robbery. "Since the state's evidence clearly warranted a charge on armed robbery as defined in [OCGA § 16-8-41 (Code Ann. § 26-1902)], which was given, and there was no evidence of the lesser offense of theft by taking, there was no error in failing to give the requested charge. [Cits.]" *Shepherd v. State,* 234 Ga. 75 (3) (214 SE2d 535).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1984.

*Rees R. Smith, Michael H. Lane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael Whaley, Assistant District Attorneys,* for appellee.