74971. PAYNE v. THE STATE.
(361 SE2d 666)

DEEN, Presiding Judge.

Appellant Payne was convicted in the Fulton County State Court of making an impermissible U-turn, driving under the influence, and driving without no-fault insurance. He moved for new trial on the general grounds and amended the motion to include two additional grounds: that the court erred in denying his motion for directed verdict of acquittal on the no-insurance count; and that the court also erred in admitting evidence of a prior similar transaction (DUI) without complying with the requirements of Uniform Court Rule 31.3 (B). After denial of the motion, he appealed to this court on the two grounds enumerated in his amended motion for new trial. *Held:*

1. The record reveals that on May 29, 1986, appellant was issued a traffic citation for, *inter alia,* "driving without proof of no-fault insurance," whereas the accusation alleged that "the said accused . . . did knowingly operate a motor vehicle on Georgia Highway #70, without effective insurance thereon." According to the trial transcript, however, the evidence was sufficient to support a conviction under the charge stated in the accusation. The transcript shows that, when asked by the arresting officer for proof of insurance, Payne emptied his wallet and unsuccessfully searched through its contents for proof of insurance, and then told the officer that it was in the glove com-

partment of his pickup truck. Search of the glove compartment revealed no proof of insurance. At trial, which was held nearly seven months later, appellant contended that he did have no-fault insurance but again was unable to produce a card, a copy of the policy, or any other evidence thereof.

The Attorney General of Georgia has opined unofficially that, while it is improper to accuse of driving without insurance merely because of failure to produce proof of insurance on the spot, the failure to produce such proof *instanter* may trigger a requirement that such proof be produced within a reasonable time, in order to avoid a charge of driving without the required insurance. 1980 Op. Att'y Gen., No. U80-18. The accusations in the instant case were not filed in the Fulton State Court until July 6, 1986, nearly six weeks after appellant's arrest on the three charges. If (as a reasonable person might infer from appellant's failure to produce the necessary proof months later at trial) appellant failed to secure proof of insurance between the time of his arrest and the time of the filing of the accusation, the rational finder of fact would be authorized to conclude that he had not discharged his duty of producing proof within a reasonable time, and that he might properly be charged with driving without the mandatory insurance. Appellant's failure to produce the required proof of insurance vitiated any purported grounds for a motion for a directed verdict of acquittal on this count. Such a motion should be granted only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.'" OCGA § 17-9-1 (a). It is only when the evidence demands a verdict of "not guilty" that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. *Battle v. State*, 155 Ga. App. 541 (271 SE2d 679) (1980). The evidence in the instant case fell far short of the statutory standard, and the trial court correctly denied the motion.

2. On November 6, 1986, some six weeks prior to trial, the State served on defendant/appellant notice of intent to present evidence of similar transactions for the purpose of showing intent, common plan or scheme, etc. See, e.g., *Mines v. State*, 167 Ga. App. 766 (307 SE2d 291) (1983). Attached to the notice of the March 1980 DUI transaction was a copy of the conviction; the notice of the August 13, 1986, arrest for DUI, however, had no such attachment but bore the notation, "Case still pending." Defense counsel objected to admission of the second transaction on the basis that it failed to comply precisely with the requirements of Uniform Rule 31.3 (b), in that no copy of a conviction or accusation was attached. Defense counsel stated in his place, however, that he had actual notice of the pending charge; that, in fact, he was the attorney of record for that case as well as the one

*sub judice.* The trial court overruled the objection, holding that the State had substantially complied with the Rule, especially inasmuch as the Rule's primary purpose was to ensure that the defendant had fair and timely notice that other transactions would be introduced.

Georgia law supports the trial court's ruling. See, e.g., *Sweatman v. State*, 181 Ga. App. 474 (352 SE2d 796) (1987); *Stewart v. State*, 180 Ga. App. 266 (349 SE2d 18) (1986). See also *Kilgore v. State*, 176 Ga. App. 121 (335 SE2d 465) (1985). In *Sweatman* and *Stewart*, as in the instant case, not only was there substantial compliance and actual notice, but appellant has demonstrated no harm resulting from the alleged error. We find no merit in this enumeration.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 — 

*Wallace C. Clayton*, for appellant.
*James L. Webb, Solicitor, Norman Miller, Donald C. English, Assistant Solicitors*, for appellee.