76313. HUBBARD v. THE STATE.
(371 SE2d 116)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in marijuana. Following the denial of his motion for a new trial, defendant appealed. *Held:*

1. It was not error for the trial court to admit into evidence a written prior inconsistent statement made by witness Randall Andrews. *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717); *Lockhart v. State,* 169 Ga. App. 931, 932 (315 SE2d 455). See also *Waldrup v. Baker,* 180 Ga. App. 121 (348 SE2d 566). Defendant's first enumeration of error is without merit.

2. Defendant offered into evidence the transcript of a prior statement made by Randall Andrews which was consistent with Andrews' testimony. In his second enumeration of error, defendant contends the trial court erred in refusing to admit the transcript into evidence. Assuming the trial court erred in refusing to admit the prior consistent statement (see in this connection *Edwards v. State,* 255 Ga. 149, 150 (2) (335 SE2d 869)), we cannot see how defendant was harmed. Defendant's counsel questioned the witness about the consistent statement at length. In so doing, defendant's counsel read large portions of the transcript. Moreover, the witness reiterated his version of events under oath at trial. The second enumeration of error is without merit. *Wyatt v. State,* 179 Ga. App. 327 (1), 328 (346 SE2d 387).

3. In the third and fourth enumerations of error, defendant complains about certain testimony elicited upon cross-examination from witness Harry Fleming. Defendant raised no objection with regard to that testimony. Accordingly, it cannot be considered on appeal. *Houston v. State,* 180 Ga. App. 267 (1) (349 SE2d 228).

4. Hair from a beauty shop was found in two marijuana patches allegedly planted by defendant. The beauty shop operator testified that defendant's wife obtained the hair from her shop. At the time of his arrest, defendant was informed that his wife would be arrested too because of her connection with the hair found in the marijuana patches. (In fact, defendant's wife was arrested and tried with defendant. At the close of the evidence, however, the trial court granted the wife's motion for a directed verdict of acquittal.)

During cross-examination of the sheriff, defense counsel asked whether defendant was interrogated at the time of his arrest and the sheriff replied that he was. Thereupon, defense counsel asked the sheriff whether defendant told him to look in his garden for the hair which his wife obtained. The sheriff could not remember whether defendant made such a statement.

Thereafter, the State sought to introduce an incriminating statement which defendant made to the sheriff several days after defendant was arrested. A *Jackson-Denno (Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held and the sheriff testified as follows: While defendant was waiting to be released on bond, he and the sheriff struck up a conversation about hunting and hunting dogs. (Defendant and the sheriff knew each other well — they were cousins.) At some point, the conversation turned to the marijuana

patches. (The sheriff did not remember who initiated this aspect of the conversation.) Defendant asked the sheriff if the room was bugged. The sheriff said it was not. Then defendant asked the sheriff if what he was about to say would be "off the record." The sheriff said it would. (In this regard, the sheriff testified: "[B]efore he'd answer me or anything, he said, now, this is off the record, me and you are just talking and I said yeah.") At that point, defendant made the incriminating statement.

The trial court ruled that the statement was voluntary. Subsequently, it was repeated for the jury. On cross-examination, the sheriff acknowledged that defendant would not have made the statement if he had been advised that anything he said could be used against him.

In his fifth enumeration of error, defendant contends the trial court erred in permitting the sheriff to testify with regard to the incriminating statement made by defendant. We agree.

"After an individual in custody on criminal charges has been given the complete *Miranda* warnings, it is not necessary that subsequent incidents of questioning the arrested person be preceded by repetition of the complete warning *if that full warning is reinforced prior to subsequent interrogation* by reminding the individual in custody that he was previously advised of his rights. [Cits.]" (Emphasis supplied.) *Bragg v. State*, 162 Ga. App. 264, 266 (291 SE2d 112). In the case sub judice, defendant was not reminded of his rights when he made the incriminating statement to the sheriff several days after his arrest. (Although there was no showing during the *Jackson-Denno* hearing that defendant was given his *Miranda* rights at the time of his arrest, this fact was brought out during the trial subsequently. Whether a *full* Miranda (*Miranda v. Arizona*, 348 U. S. 436 (86 SC 1602, 16 LE2d 694)) warning was given to defendant at the time of his arrest does not appear. We need not concern ourselves with the adequacy of the first *Miranda* warning, however, since it is clear that that prior warning was not reinforced at the time the incriminating statement was made.) Accordingly, the statement was not admissible. *Grant v. State*, 154 Ga. App. 758 (270 SE2d 42). Compare *Watson v. State*, 227 Ga. 698, 699 (1) (182 SE2d 446).

The State contends defendant "opened the door" to the incriminating statement by questioning the sheriff about defendant's interrogation. We disagree. It is clear that defense counsel was referring to a statement which defendant purportedly made at the time of his arrest. The incriminating statement was made by defendant several days later.

It cannot be said it is highly probable that the admission of the incriminating statement did not contribute to the verdict of the jury. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Accordingly,

defendant must be afforded a new trial.

4. "It is only when the evidence demands a verdict of 'not guilty' that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. *Battle v. State*, 155 Ga. App. 541 (271 SE2d 679) (1980)." *Payne v. State*, 184 Ga. App. 366 (1), 367 (361 SE2d 666). In the case sub judice, there was direct substantive evidence (as well as circumstantial evidence) of defendant's guilt. See generally *Gibbons v. State*, 248 Ga. 858, supra. Accordingly, the trial court did not err in denying defendant's motion for a directed verdict of acquittal. See generally *Fatora v. State*, 185 Ga. App. 15, 16 (1) (363 SE2d 566). Defendant's ninth and tenth enumerations of error are not meritorious.

5. In his eleventh enumeration of error, defendant contends the trial court erred in permitting a Georgia Bureau of Investigation (GBI) agent to testify concerning statements made to him by defendant over the telephone since defendant was not advised of his *Miranda* rights at the outset of that conversation. A thorough review of the transcript demonstrates that the GBI agent did not ultimately testify as expected. He did not give testimony concerning the telephone conversation that was adverse to defendant. Accordingly, the eleventh enumeration of error is without merit.

6. The remaining enumerations of error are either wholly without merit or unlikely to occur again upon retrial.

*Judgment reversed. Pope and Benham, JJ., concur.*

**DECIDED JUNE 14, 1988.**

*Dennis P. Helmreich*, for appellant.

*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.