### 77410. CLARK v. THE STATE.

(374 SE2d 783)

DEEN, Presiding Judge.

John Robinson Clark appeals from his convictions on three counts of armed robbery and three counts of possession of a firearm by a convicted felon.

1. Clark contends that the trial court abused its discretion in allowing the State to keep Clark in leg shackles during the trial, on the grounds that wearing the shackles hindered his ability to assist counsel in his defense and placed him in a psychologically depressed mood which adversely affected his demeanor throughout the trial. We are unpersuaded by this contention to find error in keeping leg shackles on Clark, who had violently resisted his arrest. Moreover, since Clark was tried by the court sitting without a jury, the usual concerns over the effect restraining a criminal defendant might have upon a jury are absent. See *Thomas v. State*, 171 Ga. App. 306 (319 SE2d 511) (1984); *McKenzey v. State*, 138 Ga. App. 88 (225 SE2d 512) (1976).

2. Clark also contends that his confession was involuntary and should have been excluded. Following his arrest in Clarke County, Clark gave a statement to the investigating Gwinnett County police officers and confessed to the armed robberies of three Winn Dixie grocery stores. The officer who took the statement testified at a *Jackson-Denno* hearing that Clark gave the statement after having his *Miranda* rights explained and under no coercion or promise of benefit. Clark, however, testified that at the time of his arrest he had been beaten, and that nonverbal threats had been made that if he did not give a statement he would be beaten again. In such cases where the testimony is in dispute, the trial court's determinations of fact and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous. *Sanders v. State*, 257 Ga. 239 (1) (357 SE2d 66) (1987). The trial court's findings in this case were not clearly erroneous.

3. The foundation for Clark's three convictions for possession of a firearm by a convicted felon was a certified copy of a Florida conviction for burglary. At the trial, Clark objected to the admission of this record only on the ground that it was not exemplified; the trial court properly overruled the objection, since OCGA § 24-7-24 (b) allows admission of such certified records. On appeal, Clark raises a new objection that there was insufficient showing that he was the same defendant named in the Florida conviction. However, this court will not consider the question, because it was not raised in the trial court.

*Daniels v. State*, 183 Ga. App. 222 (358 SE2d 637) (1987).

4. At the trial, one of the armed robbery victims testified that she had not noticed Clark's having a weapon at the time of the robbery. Because of that testimony, Clark contends that the evidence may support a conviction for robbery, but not for armed robbery on that count. See *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). His contention, however, overlooks his own confession in which he admitted committing the armed robbery with a handgun, a fact which was corroborated by the testimony of another grocery store employee who actually had the gun held to her back by Clark.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

D ECIDED O CTOBER 12, 1988 —
R EHEARING DENIED O CTOBER 31, 1988.

*Robert C. Sacks*, for appellant.

*Thomas C. Lawler III, District Attorney, Allyson F. Baillus, Assistant District Attorney*, for appellee.