46484. THOMAS v. THE STATE.
(378 SE2d 686)

CLARKE, Presiding Justice.

Appellant was convicted by a jury of the murder of seventeen-year-old Yvette Weaver, concealing a death, obstruction of an officer, and hindering the apprehension of a criminal. She was sentenced to life imprisonment for the murder plus additional years for the other charges. [1] The evidence at trial showed that appellant and her co-defendant Janet Weaver, whose trial was severed from that of appellant, killed the victim and dragged her body into a lane near the house where they lived. The autopsy on the body indicated that Yvette had been stabbed numerous times and possibly either strangled or suffocated, or both.

1. In her first enumeration of error appellant contends that the evidence is not sufficient to support the verdict. We find the evidence sufficient under the test set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's second enumeration of error concerns the trial court's refusal to call as a defense witness Dr. Delansandro, appointed by the court to examine her co-defendant Janet Weaver in regard to an insanity plea. Appellant's main defense at trial was that she followed the direction of her co-defendant, whose trial was severed from appellant's, and that her fear of the co-defendant, the fifteen-year-old sister of the victim, was responsible for her unwilling participation in the crime.

Out of the presence of the jury, Dr. Delansandro was examined as to what his testimony about Janet Weaver would show. In response to

---

[1] The crime was committed March 3, 1986. Appellant was indicted during the June term 1986. The trial was held November 17-21, 1986. Appellant was sentenced November 24, 1986. Her motion for new trial was filed December 19, 1986, and denied September 16, 1988. The notice of appeal was filed October 12, 1988. The transcript and record were certified November 28, 1988. The case was docketed in this court December 9, 1988, and submitted for decision January 20, 1989.

a question whether Janet Weaver had hostile and aggressive tendencies, he answered that his evaluation was restricted to her competency and criminal responsibility. In response to another question he said that he was unable to tell from his evaluation of Weaver whether she had participated in the murder. The court asked whether psychologists could predict future behavior and whether psychologists could tell from an evaluation if a patient had committed a specific act. Dr. Delansandro answered no to both questions. Stating that he recognized the uncontroverted evidence of Janet Weaver's participation in a brutal murder, the trial judge ruled that allowing the testimony of the psychologist as to *Janet Weaver's* characteristics would be trying Janet Weaver through the testimony of the psychologist in her co-defendant's trial. The court refused to allow Dr. Delansandro to testify before the jury because of irrelevancy and questionable scientific reliability. Appellant argues that his testimony should have been allowed because there was no patient-physician relationship which would have given rise to a privilege. However, the testimony was not excluded because of privilege but because of problems of relevancy and reliability. He testified outside of the presence of the jury as to his unwillingness or inability to testify as to either the hostile and aggressive tendencies of Weaver or as to whether she committed the murder.

3. Appellant's next enumeration concerns the voluntariness of her confession. Appellant contends that the confession should have been suppressed because she was not reminded of her Miranda rights between interviews and because she requested the presence of an attorney. We start with the proposition that the trial court's findings following a Jackson v. Denno hearing as to voluntariness of a confession will be upheld unless clearly erroneous. *Friar v. State*, 253 Ga. 87 (316 SE2d 466) (1984).

There was testimony at the Jackson v. Denno hearing that appellant was given her Miranda rights before the first interrogation after she became a suspect in the crime. Appellant, a high school graduate with two quarters of college, signed a waiver of rights form at 5:05 p.m., March 6, 1986. She was interviewed following the signing of the waiver-of-rights form. During the interview and approximately two hours after appellant was given her Miranda rights, other detectives went to her residence, and between 7 and 8 p.m. called the station to report on the evidence of the murder found in appellant's residence. Confronted with this information, she broke down and talked about the murder for an hour and a half or longer. During this period she was crying, sometimes uncontrollably, and spitting up in a trash can. She was allowed to call her father during this period. After she became calm, she dictated a statement to a stenographer. She read the typed statement and made changes, initialing each change, and sign-

ing each page. The statement was completed at 11:47 p.m. after a continuous interview which lasted several hours. Because there was no testimony at the Jackson v. Denno hearing that the interview was not continuous, there is no merit to the contention that the Miranda warning should have been repeated. *Hubbard v. State*, 187 Ga. App. 542 (371 SE2d 116) (1988), relied upon by appellant, concerns a situation where an incriminating statement was made several days after Miranda rights were given without the defendant's being reminded of the Miranda rights.

In regard to the issue of whether appellant requested an attorney, she is the only witness to testify that she requested an attorney. Appellant's father testified that she did not tell him that she wanted a lawyer. Detective Murray testified that he asked her if she wanted a lawyer and that she said no. The appellant testified that she did ask for an attorney. Both appellant and her father testified that Detective Murray told her father on the phone that she might need an attorney. Her father came to the jail but was not allowed to see her until after she signed the statement. She also testified that the detectives talked to her for some time before advising her of her rights and that she signed the waiver of rights form without having heard the rights read. This was rebutted by Detective Reagan, who had given her the Miranda rights.

We find that the court's allowing the statement of the appellant into evidence was not clearly erroneous in light of the testimony given at the Jackson v. Denno hearing.

4. Appellant's final enumeration of error concerns photographs of the victim. Appellant alleges that the photographs were inflammatory and cumulative. We have held that even though pre-autopsy photographs are duplicative and may inflame the jury, if the photographs are relevant and material to any issue in the case, they are admissible. *Goss v. State*, 255 Ga. 678 (341 SE2d 448) (1986). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

*Duffy & Feemster, William A. Dowell,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Barry I. Mortge, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.