A90A0160. KRESS v. THE STATE.
(394 SE2d 139)

McMURRAY, Presiding Judge.

Defendant Kress appeals his conviction of the offenses of incest, statutory rape and child molestation. The victim of each offense was defendant's daughter, who was eight years of age at the time of defendant's trial. *Held*:

1. Defendant's first enumeration of error contends that the trial court erred in allowing testimony as to prior sexual acts between the defendant and the victim as this evidence impermissibly placed defendant's character in issue. "In criminal cases, the rule admitting evidence of *similar* crimes is an exception to the general rule against prejudicially putting a defendant's character in issue. *Millwood v. State,* 164 Ga. App. 699 (296 SE2d 239). But where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact, it is properly admitted. *Hayes v. State,* 175 Ga. App. 135, 137 (332 SE2d 917); *McCarty v. State,* 165 Ga. App. 241, 243 (299 SE2d 95). However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. *Davis v. State,* 249 Ga. 309, 311 (290 SE2d 273)." *Anderson v. State,* 184 Ga. App. 293, 294 (361 SE2d 270). Both of the conditions prerequisite to the admission of the evidence at issue were satisfied. Contrary to defendant's contention, there is no additional condition that the similar transaction be perpetrated within the territorial jurisdiction of the trial court.

2. In his next enumeration of error, defendant raises for the first time a contention that his attorney was not timely served with notice of the State's intent to present evidence of similar transactions in compliance with Uniform Superior Court Rule 31.3. However, " 'it is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. (Cits.)' *Jefferson v. State,* 157 Ga. App. 324, 326 (2) (277 SE2d 317) (1981)." *Ortiz v. State,* 189 Ga. App. 428 (375 SE2d 891).

3. In his final enumeration of error, defendant contends that he was denied due process of law by the State's failure to provide, in response to a *Brady* motion, the results of the examination of certain

samples, commonly called a "rape kit," taken from the victim. "When a due process violation is claimed under *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), it is necessary that the defendant indicate the materiality and the favorable nature of the evidence. 'The "(d)efendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* Rule." (Cit.)' *Wallin v. State,* 248 Ga. 29, 33 (279 SE2d 687) (1981); *Stevens v. State,* 242 Ga. 34, 36 (1) (247 SE2d 838) (1978); *Potts v. State,* 241 Ga. 67, 74 (5) (243 SE2d 510) (1978)." *Benford v. State,* 189 Ga. App. 761, 762 (1), 763 (377 SE2d 530). As there is no showing that the evidence sought was favorable, defendant has failed to show a *Brady* violation.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990.

*William H. Newton III*, for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.

*Appeal dismissed. Carley, C. J., and Sognier, J., concur.*