A90A2211. DURHAM v. THE STATE.
(402 SE2d 371)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of distributing cocaine in violation of OCGA § 16-13-30 (b). He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. After a hearing, the trial court ruled that the State's notice of its intent to introduce evidence of appellant's commission of a crime was in compliance with Uniform Superior Court Rule 31.3. This ruling is enumerated as error.

The body of the notice given to appellant's counsel contained the following statement: "[I]n accordance with Uniform Rule 31.3, . . . enclosed [is] a copy of [a prior accusation] and [appellant's] guilty plea thereto. Regard this as a similar transaction. . . ." In addition, the notice contained a postscript whereby appellant's counsel was also informed to "regard the earlier case in aggravation of sentencing." The contention is that this postscript caused appellant's counsel to believe that similar crimes would be offered only in connection with sentencing.

Uniform Rule 31.3 (A) relates to a request for "leave to present *during the trial of the pending case* evidence of similar transactions or occurrences." (Emphasis supplied.) Moreover, Uniform Rule 31.3

(F) expressly states that "[t]his rule shall *not* apply to sentencing hearings." (Emphasis supplied.) OCGA § 17-10-2 (a) provides that "only such evidence in aggravation as the [S]tate has made known to the defendant prior to his trial shall be admissible [at the sentencing hearing]." The notice that was given to appellant's counsel is not vague, ambiguous, misleading or inadequate, but was obviously an attempt to apprise appellant's counsel that the similar crime would be used during *both* the trial before a jury *and* the sentencing hearing before the trial court. The trial court correctly ruled that "the State had fully complied with Rule 31.3 and would, therefore, be allowed to introduce evidence of appellant's commission of similar offenses. [Cits.]" *Lasseter v. State*, 197 Ga. App. 498, 500 (2) (399 SE2d 85) (1990).

2. Appellant enumerates as error the introduction into evidence of his commission of the similar crime, urging that it impermissibly placed his character into issue. However, the evidence was clearly admissible to establish appellant's identity and criminal intent. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). There is "an exception to the general rule against prejudicially putting a defendant's character in issue. [Cit.] . . . [W]here its relevance . . . outweighs its prejudicial impact, it is properly admitted. [Cits.]" *Kress v. State*, 195 Ga. App. 519 (1) (394 SE2d 139) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1991.

*Kenneth L. Chalker, Jr.*, for appellant.
*Thomas J. Charron, District Attorney, W. Thomas Weathers III, Debra H. Bernes, Assistant District Attorneys*, for appellee.