## 69777. SMALLS v. THE STATE.
### (331 SE2d 40)

BENHAM, Judge.

This appeal is from appellant's conviction of burglary. We affirm.

1. Appellant's first enumeration of error complains of the denial of a motion for mistrial made during voir dire. This enumeration of error is without merit for two reasons.

First, the motion for mistrial was premature. " 'The time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been impaneled and sworn . . . Since the motion for mistrial was made before the jury was impaneled and sworn, the trial court did not err in overruling it.' [Cit.]" *Mize v. State*, 173 Ga. App. 368 (326 SE2d 785) (1985).

Second, appellant's underlying contention, that the trial court improperly restricted the scope of defense counsel's voir dire questions, is incorrect. Defense counsel moved for a mistrial when the trial court refused to permit him to question prospective jurors regarding their knowledge of the effects of certain medications. A major portion of appellant's defense was that he was so intoxicated by prescription medication that he could not have formed any criminal intent.

"Voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination [Cit.] However, no question should require a response from a juror which might amount to a prejudgment of the case. [Cit.]" *Waters v. State*, 248 Ga. 355, 363 (283 SE2d 238) (1981). The questions which were disallowed in this case "failed to reflect any matter or thing which would show an interest or bias of the juror . . ." (*Smith v. State*, 171 Ga. App. 758 (3) (321 SE2d 213) (1984)); they were designed, instead, to probe existing knowledge of facts on which appellant's defense depended. As such, it was not an abuse of the broad discretion with which a trial judge is cloaked with regard to the conduct of voir dire. See *Waters*, supra; compare *Craig v. State*, 165 Ga. App. 156 (1) (299 SE2d 745) (1983).

2. Appellant's second enumeration of error concerns the transcript of his trial. He argues that numerous omissions from the transcript prevent him from preparing this appeal. Our review of the transcript does not support appellant's position. While it is apparent that some answers on voir dire were omitted, the sole issue raised by appellant with regard to voir dire was susceptible of resolution using the transcript as it is. "Although [appellant] makes a general assertion

that he was prejudiced by the missing portions of [the] transcript, he fails to show how he was harmed or to raise any issue which this Court is unable to adequately review because of skips in the record." *Smith v. State*, 251 Ga. 229 (2) (304 SE2d 716) (1983). Compare *Wilson v. State*, 246 Ga. 672 (273 SE2d 9) (1980).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 19, 1985 —
REHEARING DENIED MAY 3, 1985.
Burglary. Chatham Superior Court. Before Judge Gadsden.