73437. CAVINESS v. THE STATE.
(350 SE2d 813)

BANKE, Chief Judge.

The appellant appeals his convictions of armed robbery, aggravated assault, kidnapping, and theft by taking, all involving the same victim. *Held*:

1. The appellant initially contends that he was entitled to a directed verdict of acquittal on the ground that the state failed to prove venue. The case was tried in Douglas County. The evidence established without dispute that the conduct giving rise to the charges had occurred very close to the boundary line between Douglas and Cobb Counties; however, there was some conflict and uncertainty about which side of the line was the actual situs of the offenses. Two detectives involved in the investigation testified that they believed the offenses had taken place in Douglas County; however, they both acknowledged on cross-examination that they did not know exactly where the county line was located. The appellant expressed considerably more confidence on the issue. He testified that, utilizing training in "[d]rafting land [received by him] in Lindley Middle School," he had determined, by making measurements on a map of the area, that the incident occurred in Cobb County.

With due deference to the appellant's skill and expertise as a cartographer, venue was properly shown to be in Douglas County regardless of which side of the county line the offenses were committed on. OCGA § 17-2-2 provides, in pertinent part, as follows: "(b) *Crime committed on boundary line of two counties*. If a crime is committed

on, or immediately adjacent to, the boundary line between two counties, the crime shall be considered as having been committed in either county. . . . (h) *Crime in more than one county.* If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." The Georgia Supreme Court has held that these statutes provide a constitutional basis "for establishment of venue in situations in which there is either some doubt as to which county was the scene of the crime or where the crime in fact occurred in more than one county." *Bundren v. State,* 247 Ga. 180 (274 SE2d 455) (1981). It follows that the trial court did not err in refusing to direct a verdict of acquittal based on lack of proof of venue.

2. The appellant enumerates as error the trial court's failure to charge the jury that the state had the burden of proving venue as a jurisdictional fact beyond a reasonable doubt. As no such charge was requested, and as the appellant neither objected to the court's charge on this ground nor reserved the right to raise such an objection later, the issue must be deemed waived. See *Jackson v. State,* 246 Ga. 459, 466 (271 SE2d 855) (1980). In any event, since there was no factual conflict with respect to the existence of venue (see Division 1, supra), the failure to give the charge could not have harmed the appellant.

3. The appellant contends that the trial court erred in refusing to allow him to inspect a report utilized by a prosecution witness to refresh her recollection prior to testifying in the case. The witness, a detective involved in the investigation, had related to the jury the substance of an in-custody statement made to her by the appellant. Although she had not referred to any notes in doing so, she acknowledged on cross-examination that, earlier that same day, she had reviewed her own written report of the interview for the purpose of refreshing her recollection and that she had testified on the basis of that review.

This case was tried in August of 1985. On July 3, 1985, the Georgia Supreme Court, in a single-paragraph division lurking near the end of a 12-page opinion, held for the first time that a defendant in a criminal case is entitled to examine a document used by a prosecution witness to refresh his or her recollection. See *Baxter v. State,* 254 Ga. 538, 548 (18) (333 SE2d 561) (1985). Because that decision was rendered prior to the trial of the present case, and because we can discern no logical basis for distinguishing between notes used by a witness to refresh his or her recollection while actually on the witness stand and notes reviewed for that purpose immediately prior to trial, we hold that the trial court erred in refusing to allow the appellant's counsel to examine the report in question in the present case. However, since the appellant himself later took the stand and gave an ac-

count of the events in question which was considerably more incriminating than that recounted by the detective, we hold that "in all likelihood" the denial of access to the document did not contribute to the convictions and that the error was accordingly harmless. *Baxter*, supra at 548.

Judgment affirmed. *Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1986.

*James R. Dollar, Jr.*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.