### 77408. JOHNSON v. THE STATE.
#### (378 SE2d 366)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of two counts of kidnapping and two counts of armed robbery. Following a jury trial, defendant was convicted of one of the kidnapping counts and one of the armed robbery counts. He was sentenced to a life term (for kidnapping) to be followed by 20 years probation (for armed robbery). This appeal ensued. *Held*:

1. Relying upon *Baxter v. State*, 254 Ga. 538, 548 (18) (331 SE2d 561), defendant contends the trial court erred in refusing his request to permit the examination of documents used by several witnesses to refresh their recollection.

Specifically, defendant asserts he should have been permitted to examine documents used to refresh the recollections of the victim, a detective and a fingerprint examiner.

The victim did not use the documents to refresh his recollection while he was on the witness stand. Rather, the victim used the documents to refresh his recollection before testifying. Accordingly, defendant was not entitled to examine the documents used by the victim. *Miller v. State*, 189 Ga. App. 587 (1) (376 SE2d 901).

Inasmuch as the detective and the fingerprint examiner used documents to refresh their recollections as they were testifying, the trial court erred in refusing to grant defendant access to the documents. *Baxter v. State*, 254 Ga. 538, 548 (18), supra. However, upon viewing

the entire record (including the assistant district attorney's file which was photocopied and transmitted to this court under seal, and which contains documents prepared by the detective and the fingerprint examiner), we find that, in all likelihood, the refusal to grant access to the documents used by the detective and the fingerprint examiner did not contribute to defendant's conviction, and therefore, was harmless error. *Baxter v. State*, 254 Ga. 538, 548 (18), supra.

2. Cross-examining a witness who testified for defendant, the assistant district attorney asked the witness if defendant knew how to "contact" the witness' wife and child. The witness gave a positive response and defense counsel moved for a mistrial stating: "[t]hose questions are clearly designed to create the question in the jury's mind that the defendant would harm or might harm the wife and child of this witness unless he testified in his behalf. I can see no other possible reason for asking it about the child certainly. I think it's reprehensible among other things without some evidence to support that and I want the district attorney to offer what evidence he has which might support that kind of an inference . . ." The assistant district attorney replied that he was seeking to demonstrate the witness' bias. He admitted, however, that he had no evidence that defendant threatened the witness: "None at all. I was going to see if he would offer anything like that. If he doesn't, that's as far as I need to go." Asked by the trial court if he had anything to add, defendant's counsel stated that he stood by his motion. Thereupon, the motion was overruled. Neither the assistant district attorney nor defendant's counsel pursued the matter further.

Defendant enumerates error upon the denial of the motion for a mistrial. We find no error. "It is proper for the State's counsel, in the cross-examination of a witness for the accused, to bring out the relationship existing between the witness and the accused, for the purpose of showing the bias or prejudice of the witness, or for the purpose of showing the probability that the witness is testifying in behalf of the accused by reason of duress or fear." *Kimbrough v. State*, 9 Ga. App. 301 (70 SE 1127). Thus, the assistant district attorney was entitled to probe the motives of defendant's witness for testifying. *Whatley v. State*, 165 Ga. App. 13 (1) (299 SE2d 87). Besides, defendant was free to "clear the air" and ask the witness if, in fact, he had been threatened by defendant. He chose not to do so.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 26, 1989 —
REHEARING DENIED JANUARY 31, 1989 — ■

*Herbert Shafer*, for appellant.
*Lewis R. Slaton, District Attorney, R. Andrew Weathers, Wil-*

liam Fincher, *Assistant District Attorneys*, for appellee.