## 46690. JOHNSON v. THE STATE.
(383 SE2d 118)

SMITH, Justice.

We granted certiorari in this case to consider whether the law as set forth in *Baxter v. State,* 254 Ga. 538, 548 (331 SE2d 561) (1985) was violated when the trial court refused the appellant's motion to allow him to see writings that witnesses for the prosecution used to refresh their memories in the courtroom prior to testifying, but not while actually testifying. *Johnson v. State,* 190 Ga. App. 117 (378 SE2d 366) (1989). We reverse in part.

1. Some courts have recognized a right of access to writings that were used to refresh recollections during the course of a trial for over two centuries.

> EYRE, L.C.J., in *Hardy's Trial,* 24 How. St. Tr. 200, 824 (1794): It is always usual and very reasonable, when a witness speaks from memorandums, that the counsel should have an opportunity of looking at those memorandums, when he is cross-examining that witness.

Wigmore on Evidence, § 762 at p. 137.

This Court recognized the right for the first time in *Baxter v. State,* supra at p. 548, where we held "that a defendant in a criminal case has the right, upon request, to examine a document used by a witness to refresh his recollection."

Our appellate courts have addressed the access issue in several subsequent cases.

a. The Court of Appeals in *Caviness v. State,* 180 Ga. App. 792 (350 SE2d 813) (1986) (overruled in *Miller v. State,* 189 Ga. App. 587 (376 SE2d 901) (1988)), was faced with a situation in which a witness did not refer to notes while testifying; however, she did testify on cross-examination, that she had reviewed a written report earlier that same day for the purpose of refreshing her recollection and that she testified on the basis of her refreshed recollection. The Court of Appeals, in reliance on *Baxter,* supra, held that since it could

> discern no logical basis for distinguishing between notes used by a witness to refresh his or her recollection while actually on the witness stand and notes reviewed for that purpose immediately prior to trial, we hold that the trial court erred in refusing to allow the appellant's counsel to examine the re-

port in question in the present case. . . .

180 Ga. App. at p. 793.

b. The appellant in *Catchings v. State*, 256 Ga. 241 (347 SE2d 572) (1986), argued that the trial court erred in refusing to allow defense counsel to examine notes used by a witness in refreshing his recollection. A majority of this Court determined that *Baxter* was inapplicable for several reasons, the most important of which was "that defense counsel [did not] request[ ] to see the notes alluded to by the witness." Id. at p. 247.

c. More recently in *Miller v. State*, 189 Ga. App., supra, the Court of Appeals affirmed a trial court's ruling allowing the appellant's counsel the right to examine notes a State's witness had used to refresh his memory while on the witness stand, but refused to allow him to examine other notes the witness may have reviewed prior to being called to the stand. Miller argued that his right to examine material which a witness had used to refresh his recollection extended

> to any and all materials which were reviewed by a witness in preparation for his testimony at the trial and is not limited to only those materials which were reviewed by a witness to refresh his recollection while actually on the stand. . . .

Id.

The Court of Appeals disagreed and announced the following rule:

> The defendant in a criminal case is entitled to examine all materials which are used by a witness for the State to testify from recollection refreshed during the trial itself, but he is not entitled to examine any and all such documents as may have been reviewed by the witness prior to trial, without regard to whether the out-of-court review was conducted "immediately" prior to trial or at some earlier time. To the extent that *Caviness v. State*, supra, is in conflict with *Catchings v. State*, supra, as thus interpreted, it is hereby overruled. . . .

Id. at 589.

2. In the case before us, the appellant's counsel requested to see certain documents that several witnesses used to refresh their recollections after the trial began, while the witnesses were in the courtroom, but not while on the witness stand. The Court of Appeals, relying on *Miller*, supra at p. 587, held that the appellant was not entitled to examine the documents because they were not used to refresh the recollection of the witnesses while on the witness stand. *Johnson v.*

*State,* supra at p. 117.

In *Baxter,* supra, we held that a criminal defendant has the right, upon request, to examine documents used by witnesses to refresh their recollection. There has been some difficulty in trying to decide where to draw the line between access and non-access. There is confusion about whether the line should be drawn according to where a particular witness is physically located (i.e., on the witness stand, in the courtroom, etc.) or at some specified time relative to the witness (i.e., at the time the witness is testifying, immediately before the witness testifies, etc.) To resolve this, we will fix the right to examine such documents at the commencement of hearing or trial. Accordingly, if a witness uses documents to refresh memory *after* the inception of a hearing or trial, then during that hearing or trial, the cross-examiner is entitled to examine such documents. To the extent that *Miller v. State,* supra, conflicts with the above, it is overruled.

The trial judge should have granted the appellant's motion to examine the documents; however, the error is not reversible. Our review of the evidence convinces us that it is highly probable that the error committed as a result of the denial of the motion did not contribute to the verdict and is, therefore, harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

For the foregoing reasons, we adopt the rule as set out in this division and reverse that part of the Court of Appeals opinion that limited access to documents used "to refresh . . . recollection while . . . on the witness stand." *Johnson v. State,* 190 Ga. App., supra at p. 117. The judgment of conviction is not reversed.

*Judgment reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 11, 1989.

*Herbert Shafer,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, R. Andrew Weathers, Assistant District Attorneys,* for appellee.