### 77408. JOHNSON v. THE STATE.
(390 SE2d 297)

McMURRAY, Presiding Judge.

In *Johnson v. State*, 190 Ga. App. 117 (378 SE2d 366), we affirmed the judgment of the Superior Court of Fulton County. The Supreme Court of Georgia granted certiorari and in *Johnson v. State*, 259 Ga. 403 (383 SE2d 118), considered "whether the law as set forth in *Baxter v. State*, 254 Ga. 538, 548 (331 SE2d 561) (1985) was violated when the trial court refused the appellant's motion to allow him to see writings that witnesses for the prosecution used to refresh their memories in the courtroom prior to testifying, but not while actually testifying."

In Division 1 of *Johnson v. State*, 190 Ga. App. 117, supra, relying on the whole court case of *Miller v. State*, 189 Ga. App. 587 (1)

(376 SE2d 901), this Court held that since the victim-witness did not use the documents to refresh his recollection while he was on the witness stand but rather used the documents to refresh his recollection before testifying, defendant was not entitled to examine the documents used by the victim-witness. This Court additionally held in Division 1, supra, that "[i]nasmuch as the detective and the fingerprint examiner used documents to refresh their recollections as they were testifying, the trial court erred in refusing to grant defendant access to the documents. *Baxter v. State*, 254 Ga. 538, 548 (18), supra. However, upon viewing the entire record . . . we find that, in all likelihood, the refusal to grant access to the documents used by the detective and the fingerprint examiner did not contribute to defendant's conviction, and therefore, was harmless error. *Baxter v. State*, 254 Ga. 538, 548, (18) supra." *Johnson v. State*, 190 Ga. App. 117 (1), 118, supra.

The Supreme Court of Georgia in *Johnson v. State*, 259 Ga. 403, 404 (2), 405, supra, held that "[i]n *Baxter*, supra, we held that a criminal defendant has the right, upon request, to examine documents used by witnesses to refresh their recollection. There has been some difficulty in trying to decide where to draw the line between access and non-access. There is confusion about whether the line should be drawn according to where a particular witness is physically located (i.e., on the witness stand, in the courtroom, etc.) or at some specified time relative to the witness (i.e., at the time the witness is testifying, immediately before the witness testifies, etc.). To resolve this, we will fix the right to examine such documents at the commencement of hearing or trial. Accordingly, if a witness uses documents to refresh memory *after* the inception of a hearing or trial, then during that hearing or trial, the cross-examiner is entitled to examine such documents. To the extent that *Miller v. State*, supra, conflicts with the above, it is overruled. The trial judge should have granted the appellant's motion to examine the documents; however, the error is not reversible. Our review of the evidence convinces us that it is highly probable that the error committed as a result of the denial of the motion did not contribute to the verdict and is, therefore, harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976)."

While the Supreme Court of Georgia did not reverse defendant's conviction in the case sub judice, the Court did "reverse that part of the Court of Appeals' *opinion* that limited access to documents used 'to refresh . . . recollection while . . . on the witness stand.' [Emphasis supplied.] *Johnson v. State*, 190 Ga. App., supra at p. 117." *Johnson v. State*, 259 Ga. 403, 404 (2), 405, supra.

The judgment of the Superior Court of Fulton County, as was previously affirmed by this Court in *Johnson v. State*, 190 Ga. App. 117, supra, must remain affirmed.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 23, 1990.

*Herbert Shafer*, for appellant.

*Lewis R. Slaton, District Attorney, William Fincher, Joseph J. Drolet, R. Andrew Weathers, Assistant District Attorneys*, for appellee.