A90A1347. McKEEVER v. THE STATE.
(395 SE2d 368)

DEEN, Presiding Judge.

Appellant McKeever and his common-law wife, Ms. Moore (not a party to the instant appeal), were arrested during a search of their dwelling and surrounding premises, conducted pursuant to a search warrant. McKeever was charged and convicted on one count of possession of cocaine with intent to distribute, and two counts of possession of marijuana; his co-defendant was found guilty only of cocaine possession and given a probated sentence, whereas McKeever was sentenced to prison. On appeal he enumerates as error (1) the trial court's refusal to give appellant access to a document allegedly used

by a prosecution witness during trial to refresh his memory; (2) the court's admitting into evidence certain statements by the co-defendant; (3) the trial court's permitting the State to call a certain witness whose name had not been furnished to the defense prior to trial; (4) the denial of defendant/appellant's motion for continuance for the purpose of gathering evidence on the issue raised by the testimony challenged in the third enumeration, supra; (5) the admission in evidence of guns seized at appellant's home; and (6) the denial of defendant's motion for directed verdict on the felony count of possession with intention to distribute cocaine. *Held*:

1. Relying on *Johnson v. State*, 259 Ga. 403 (383 SE2d 118) (1990), appellant contends that the conviction should be reversed because a Georgia Bureau of Investigation (GBI) agent, on the evening before the day on which he was to testify and again on the morning of the day on which he was to take the witness stand, had reviewed documents prepared by himself or his colleagues as a summary of activities making up the sequence of events relative to the execution of the search warrant, and the documents were not made available to the defense. In *Johnson v. State*, supra, appellant's counsel asked to see certain documents used by witnesses to refresh their recollection during the trial but prior to their taking the witness stand. The Supreme Court held at 405, that "if a witness uses documents to refresh memory *after* the inception of a hearing or trial, then during that hearing or trial, the cross-examiner is entitled to examine such documents."

In the instant case the jury was selected but not sworn on November 13, 1989, the day before testimony began; it was on the evening of that day, and early on the morning of November 14, that the GBI agent reviewed the documents. The trial transcript reveals that the jurors were dismissed and the case adjourned on the afternoon of November 13, immediately after twelve jurors and one alternate had been selected. The transcript further reveals that at approximately 9:00 a.m. on November 14 the judge heard motions from counsel, and thereafter summoned the jury to the courtroom and administered the statutory oath. The court then stated to the newly-sworn jurors, "Ladies and gentlemen, to begin the trial, we will first hear the attorneys' opening statements." The trial thereafter proceeded in a normal manner.

It is well settled that "the trial does not begin until the jury has been impaneled *and sworn*. The defendant has been put in jeopardy when, in a court of competent jurisdiction, and upon a sufficient indictment, he has been arraigned, has pleaded, and the jury has been impaneled *and sworn*. [Cits.]" (Emphasis supplied.) *Ferguson v. State*, 219 Ga. 33, 35 (131 SE2d 538) (1963); accord *Smalls v. State*, 174 Ga. App. 698 (331 SE2d 40) (1985); *Mize v. State*, 173 Ga. App. 368 (326 SE2d 785) (1985). In the instant case the agent consulted the

documents *before* the jury was sworn, and no error occurred. This enumeration has no merit.

2. We find no violation of the standard set forth in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), and therefore no merit in appellant's second enumeration. The trial transcript in the instant case makes it clear that the court took great pains to determine the voluntariness of the statement during a *Jackson v. Denno* hearing, and to see to it that proscribed material was eliminated. Appellant objects, however, to two statements of Ms. Moore's that were not excised: (1) that she had hidden the glass bottle containing cocaine in the sofa, and (2) that "[appellant] don't tell me his business." We cannot agree that either of these statements was inculpatory of — and therefore prejudicial towards — appellant; at worst, they are neutral vis-a-vis appellant and, at best, tend to be exculpatory. Even if, *arguendo*, admission of the statements were error, reversal of the judgment would be unwarranted because harm as well as error must be shown in order for the error to be reversible. *Terry v. State*, 190 Ga. App. 570 (379 SE2d 604) (1989). Appellant has shown no specific harm emanating from either of the challenged statements, and other competent evidence adduced was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In order to support its contention that, despite his inability to show evidence of regular employment or other legitimate source of income, appellant regularly made sizable expenditures, the State attempted to introduce in evidence a bill for nearly $800 for recent repairs to his luxury-class automobile. The court refused to admit the bill on hearsay grounds but indicated that it would be admissible if authenticated. During a lunch break the prosecutor arranged for an official of the automobile dealership to appear in court to authenticate the bill, which was thereafter admitted. According to the record, the State had not planned to call this witness until the court required testimonial authentication of the document.

When the witness appeared in the courtroom following the lunch break, defense counsel objected to his testifying without the statutory ten-day notice. The court offered to give defense counsel time to talk with the witness. Counsel replied that he had already done so and had learned the nature of the testimony, but that he needed additional time "to establish the background on this and the evidence that would be necessary to explain his testimony," and also that he had had no time to confer with his client regarding this expected testimony. The record shows that the court then granted counsel time to confer with defendant/appellant.

In the circumstances of the instant case it would seem that permitting the unannounced witness to testify briefly as to the authentic-

ity of the bill — in oral amplification, as it were, of the written document — would not constitute error. Moreover, there is ample precedent in Georgia law for permitting testimony in such circumstances as obtain here, as an exception to OCGA § 17-7-110. See, e.g., *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984); *Boscaino v. State*, 186 Ga. App. 133 (366 SE2d 789) (1988). See also *Fleming v. State*, 236 Ga. 434 (224 SE2d 15) (1976); *Yeomans v. State*, 229 Ga. 488 (192 SE2d 362) (1972).

4. In his fourth enumeration appellant contends that the court erred in denying him a continuance. Our scrutiny of the trial transcript reveals that other evidence was adduced at trial to demonstrate the disparity between appellant's legitimate income (and that of his common-law wife) and his expenditures, and that this evidence was sufficient to authorize the jury to find that appellant had one or more undisclosed sources of income. It is difficult, in light of the nature of the challenged testimony and the presentation of the other evidence, to conceive how a continuance predicated on the dealership official's testimony could have enabled defense counsel to find or produce evidence sufficient to rebut the evidence on this point. Moreover, defense counsel knew or should have known that evidence of this sort could be expected to constitute a part of the State's case, and should therefore have been prepared, before the trial began, to attempt to rebut it. See, e.g., *Legare v. State*, 243 Ga. 744, 749 (257 SE2d 247) (1972). We find no error here.

5. Appellant enumerates as error the trial court's admitting evidence regarding the presence of guns in his house, contending that such evidence was both irrelevant and prejudicial. Examination of the trial transcript reveals (1) that testimony regarding the weapons was relevant to the issue of the law enforcement officers' entry of appellant's premises with their own weapons drawn; and (2) that the challenged testimony was first elicited by co-defendant's counsel during his cross-examination of one of the officers and was elicited twice more by counsel for one or the other of the defendants, without objection. It was only when the guns themselves were tendered in evidence that counsel objected, and the trial court properly ruled that the tendered weapons were relevant to the jury's consideration of appellant's intent to conceal and protect the illegal substance which he was charged with possessing and distributing. We find no indication that such evidence was either irrelevant or introduced solely for the purpose of inflaming the jurors' minds against appellant. This enumeration has no merit.

6. A verdict of acquittal should be directed only when there is no conflict in the evidence and the evidence demands a verdict as a matter of law. OCGA § 17-9-1. According to the record, the evidence on the charge of possession on which appellant sought a directed verdict

of acquittal falls far short of the statutory standard. This enumeration is devoid of merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 21, 1990.

*Richard D. Phillips*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.