A91A0186. ANDERSON v. THE STATE.
(406 SE2d 791)

BEASLEY, Judge.

Defendant was convicted of selling cocaine, OCGA § 16-13-30, and enumerates nine rulings as error.

1. The first enumeration is the court's permitting the prosecutor to remain in the courtroom after witnesses were sequestered.

The ruling did not contravene OCGA § 24-9-61. "The prosecutor may testify as a witness after other witnesses for the State have testified." *Chastain v. State*, 255 Ga. 723, 725 (2) (342 SE2d 678) (1986); *Blalock v. State*, 250 Ga. 441 (1) (298 SE2d 477) (1983); *Davis v. State*, 242 Ga. 901, 903 (3) (252 SE2d 443) (1979).

2. Error is asserted in the court's denial of defendant's request for access to notes the State's witness used in preparing for trial testi-

mony.

Because defendant failed to establish that the witness refreshed his recollection from notes at any time after commencement of the trial, there was no violation of *Johnson v. State*, 259 Ga. 403, 405 (2) (383 SE2d 118) (1989). See *McKeever v. State*, 196 Ga. App. 91, 92 (1) (395 SE2d 368) (1990).

3. Did the court err by admitting into evidence photographs of defendant and three others? His photograph depicted how he was dressed immediately after his arrest. Identification was an issue, so his picture was relevant to corroborate the testimony of Officer Hollis, who described how defendant was dressed at the time of the drug transaction. *Cooper v. State*, 229 Ga. 277, 278 (3) (191 SE2d 27) (1978). Regardless of the relevancy of photographs of three individuals simultaneously admitted, no harm was shown by their admission.

4. The trial court did not contravene OCGA § 17-8-57 in eliciting from the prosecuting witness, Hollis, a clarification of his testimony regarding height comparison. *Wilson v. State*, 257 Ga. 444, 446 (2) (359 SE2d 891) (1987). Besides, no objection or motion for mistrial was made. *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979).

5. Error is enumerated in permitting a witness to testify as to defendant's statement made at the time of his arrest, which was not provided to defendant pursuant to OCGA § 17-7-210.

The arresting officer Perkins testified that defendant said to him: "Mr. Perkins, you know that I wouldn't do that; you know that I wouldn't do that." The spontaneous statement of defendant was not incriminating or inculpatory. As such, it did not fall within the ambit of the codal requirement. *Valdez v. State*, 192 Ga. App. 10, 11 (1) (383 SE2d 611) (1989); *Holland v. State*, 190 Ga. App. 169 (1) (378 SE2d 513) (1989).

6. Error is assigned to permitting the district attorney to ask defendant, "What kind of business are you in?"

Contrary to the defense assertion this did not result in inadmissible evidence as to character under OCGA § 24-9-20 (b) because defendant stated he worked for his mother. *Mitchell v. State*, 236 Ga. 251, 256 (3) (223 SE2d 650) (1976).

7. The failure to instruct the jury on the defense of entrapment was not error because there was no evidence to support such a charge. The evidence shows that defendant approached the officers and solicited them. *Orkin v. State*, 236 Ga. 176, 195 (8) (223 SE2d 61) (1976).

8. Defendant complains that rulings by the trial court constituted expressions or intimations by the court as to defendant's guilt. No objection was interposed or mistrial requested. Thus no question was presented. *Driggers*, supra. Even if the issue had been properly raised, the rulings did not constitute opinion in violation of OCGA § 17-8-57.

*Goode v. State*, 171 Ga. App. 901, 902 (2) (321 SE2d 410) (1984).

9. The last enumeration of error rests on the court's alleged failure to conduct an in camera inspection of the State's file or to provide exculpatory material. Defendant fails to show error because he does not identify the materiality or favorable nature of the evidence sought. *Stevens v. State*, 242 Ga. 34, 36 (1) (247 SE2d 838) (1978); *Kress v. State*, 195 Ga. App. 519, 520 (3) (394 SE2d 139) (1990).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 11, 1991.

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.