## S97A0503. RENDER v. THE STATE.
(483 SE2d 570)

CARLEY, Justice.

A jury found Tyrone Render guilty of malice murder. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

1. Render and the victim were gambling. According to Render, the victim became enraged upon losing and initiated a struggle with Render in which he was shot either accidentally or in self-defense. According to the testimony of an eyewitness for the State, Render intentionally shot the unarmed victim without provocation. Although the State's eyewitness was a convicted felon, the credibility of his testimony was for the jury. When construed most strongly in support of the jury's verdict, the evidence is sufficient to authorize a rational trier of fact to find proof of Render's guilt of malice murder beyond a

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[1] The homicide occurred on June 7, 1993 and the grand jury indicted Render on October 22, 1993. On October 14, 1994, the jury returned its guilty verdict and, on October 28, 1994, the trial court entered its judgment of conviction and life sentence. Render filed a motion for new trial on November 4, 1994 which the trial court denied on October 30, 1996. Render filed his notice of appeal on November 27, 1996 and the case was docketed in this Court on December 19, 1996. Oral argument was heard on March 17, 1997.

reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Render's girl friend, Vada Jenkins, was arrested in connection with this case and she gave a statement inculpatory of Render. The charges against Ms. Jenkins subsequently were dropped and she was not called as a witness for the State. The State did call the officer and sought to question him about the contents of Ms. Jenkins' statement. Render raised a hearsay objection, but the trial court ruled that the officer's testimony would be admissible to explain his conduct. Render enumerates as error the trial court's failure to sustain his hearsay objection to the admission of the officer's testimony.

Ms. Jenkins' statement would be admissible to explain the officer's conduct only if his conduct was a relevant issue in the case. *Teague v. State*, 252 Ga. 534, 535 (1) (314 SE2d 910) (1984); *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982).

> At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something.

(Emphasis in original.) *Teague v. State*, supra at 536 (1).

After *Momon* and *Teague*, evidence of what someone told an officer is admissible to explain the officer's conduct only in "rare instances." *Teague v. State*, supra at 536 (1). Here, the jury was to decide whether, as the State asserted, Render was guilty of murder because he shot the victim with malice or whether, as Render contended, he was not guilty of any criminal offense because he shot the victim either in self-defense or accidentally. The State urges that the inculpatory contents of Ms. Jenkins' statement were admissible to explain why the officer proceeded with his murder investigation rather than accept Render's exculpatory explanation of how the homicide occurred. However, "[t]hat is trial by dossier, for every element of an investigation can serve, in some manner, to 'explain conduct' of the investigator." *Teague v. State*, supra at 535 (1). The officer's conduct in initiating and continuing his investigation of Render for murder, notwithstanding Render's exculpatory claims, was not a relevant inquiry, because it is undisputed that all officers have a professional obligation to initiate and continue any investigation which he or she, in good faith, believes to involve criminal conduct. It follows that Ms. Jenkins' statement was not admissible on the ground that it was explanatory of the officer's conduct and the trial court erred in allowing the officer to testify as to that statement. Compare *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) (prior consistent statement of one who is called as a witness); *Gibbons v.*

*State*, 248 Ga. 858 (286 SE2d 717) (1982) (prior inconsistent statement of one who is called as a witness).

The State urges that the error was harmless. Although it is undisputed that Render shot the victim, the evidence that he did so with malice, rather than in self-defense or accidentally, was not overwhelming. Compare *Teague v. State*, supra at 537 (2); *Momon v. State*, supra at 867. Under these circumstances, we cannot say that it is highly probable that admission of Ms. Jenkins' statement which was inculpatory of Render did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). Render is entitled to a new trial at which his guilt or innocence will be determined on the basis of admissible evidence, rather than "rumor, gossip, and speculation." *Teague v. State*, supra at 536 (1).

3. The prior inconsistent out-of-court statements of two witnesses were admissible as substantive evidence and not merely as impeaching evidence. *Gibbons v. State*, supra. Render urges that it was error to admit the witnesses' statements into evidence before they actually testified. The order in which the evidence was admitted is procedurally immaterial where, as here, the witnesses give subsequent testimony which is inconsistent with their previously admitted statements and they are subject to cross-examination. See *Sterling v. State*, 267 Ga. 209, 213 (9) (477 SE2d 807) (1996).

4. Render urges that the trial court erred in allowing counsel for the State to testify. The transcript shows only colloquy between counsel for the State and the trial court regarding Render's objection to certain evidence. Accordingly, there was no error. See *Pritchard v. State*, 225 Ga. 690 (2) (171 SE2d 130) (1969); *Jackson v. State*, 225 Ga. 39, 43 (3) (165 SE2d 711) (1969).

5. In closing argument, Render's counsel sought to comment upon the State's failure to call Ms. Jenkins as a witness. Relying upon *Wilson v. Zant*, 249 Ga. 373, 384 (4) (290 SE2d 442) (1982), the trial court disallowed this argument. Although, at the time of Render's trial, *Wilson* was authority for the trial court's ruling, this Court overruled *Wilson* in *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996). We need not determine in this case whether *Morgan* applies retroactively or prospectively only. We have already held that Render must be given a new trial for the reasons discussed in Division 2 and, at that new trial, it clearly will be *Morgan*, not *Wilson*, that constitutes the controlling authority.

6. Citing *Johnson v. State*, 259 Ga. 403 (383 SE2d 118) (1989), Render urges that the trial court erred in denying him access to statements and reports used to refresh the memories of witnesses for the State. It is unclear from the transcript whether the statements and reports were, in fact, used to refresh the memories of the witnesses. In any event, it is clear that, at Render's retrial, he will be

entitled to examine any document used by a witness to refresh his or her memory after that retrial has begun. *Johnson v. State,* supra at 405 (2).

7. Remaining enumerations of error need not be addressed, as they are moot or are unlikely to recur at Render's retrial.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 14, 1997.

*Megan C. DeVorsey,* for appellant.

*Paul L. Howard, Jr., District Attorney, Juliette W. Scales, John C. Culp, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.