### A97A2404. MOTES v. THE STATE.
(494 SE2d 283)

Blackburn, Judge.

Roy Motes appeals his convictions of armed robbery and false imprisonment, contending that the trial court erred in allowing character evidence and in allowing improper comments by the State during closing argument.

1. Rosita Ramirez, Motes' co-defendant who had previously pled guilty to the crime, testified at trial. When asked why she and Motes committed the robbery, she responded that "[Motes] had received a package of drugs and he came [up] short." Motes' attorney objected on the grounds that the testimony was prejudicial and that the State had not provided notice of its intent to present evidence of a similar transaction pursuant to Uniform Superior Court Rule 31. The trial court denied the objection, and Ramirez proceeded to testify that she and Motes committed the robbery because they were in need of money for drugs. On appeal, Motes argues that the court erred in allowing the testimony because it improperly placed his character into evidence.

This contention is without merit, as evidence of Motes' motive in perpetrating the robbery was clearly admissible. "[T]he State is entitled to present evidence to establish that there was a motive. . . . Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue." Johnson v. State, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). In Sterling v. State, 267 Ga. 209 (477 SE2d 807) (1996), involving facts similar to the present case, the Supreme Court held that testimony that the defendant was a drug dealer who was owed money by the victim was admissible to show the defendant's motive. The court further held that the State was not required to give notice under USCR 31 of its intent to present such evidence. Id. at 211 (4). Similarly, the court in the present case did not err in allowing Ramirez's testimony.

2. Motes contends that the trial court erred in allowing the prosecutor to make an improper comment during closing argument. The prosecutor's objectionable statement was that Motes was "unwilling

to accept responsibility" for his actions. However, the trial court sustained Motes' objection to this statement, and Motes did not request a mistrial, curative instructions, or any other relief besides the sustaining of his objection. "Therefore, the appellant, having received the relief he demanded, will not be heard to complain of error by the trial court." *Carr v. State*, 259 Ga. 318, 321 (2) (380 SE2d 700) (1989).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1997.

*James B. McGinnis*, for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Barbara B. Conroy, Assistant District Attorneys*, for appellee.