## A98A0697. BRYANT v. THE STATE.
### (501 SE2d 278)

RUFFIN, Judge.

A jury found Willie James Bryant guilty of theft by shoplifting. Bryant appeals from the denial of his motion for new trial, asserting that the trial court erred by refusing to give Bryant's attorney access to the arresting officer's police report that the officer used at trial to refresh his memory. We affirm.

Viewed in a light most favorable to support the verdict, the evidence shows that Bryant entered a Piggly Wiggly grocery store in Chatham County, Georgia at approximately 5:30 p.m. on June 6, 1996. A store manager noticed Bryant removing some packages containing meat from a display. Bryant did not have a shopping cart or

shopping basket. The manager stated that Bryant's actions seemed odd because Bryant was not picking over the meat packages to find the most visually appealing meat, as most customers do. The manager further noted that after picking up two meat packages, Bryant placed them face to face, which, according to the manager, was the manner in which many shoplifters carry meat packages so that blood does not drip onto their clothes and bodies. The manager also testified that as Bryant walked away from the meat department, he kept looking over his shoulder to watch the manager. As Bryant turned down a store aisle, the manager alerted an off-duty police officer employed by the store that Bryant was acting suspiciously and might be shoplifting.

After the manager pointed out Bryant to the officer, the officer saw Bryant carrying an item in his hand. While the officer could not see what the item was, he noticed that the item was packed in pink styrofoam, which was typically used by the store to package meat. The officer lost sight of Bryant as Bryant turned down an aisle. As the officer approached the aisle, Bryant came back out of the aisle. The officer noticed that Bryant was no longer carrying anything in his hand. Upon seeing the officer, Bryant turned around and began heading back down the aisle. As the officer reached the aisle, he saw Bryant remove something from his shorts and throw the item onto some large bags of dog food. The officer then placed Bryant under arrest and retrieved the item that Bryant had thrown, a dual pack of rib eye steaks. The officer testified that Bryant had no money on him at the time of his arrest. Bryant was charged with violating OCGA § 16-8-14. See OCGA § 16-8-14 (a) (1) ("A person commits the offense of theft by shoplifting when he[,] . . . with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof . . . (1) [c]onceals or takes possession of the goods or merchandise of any store or retail establishment[.]").

The officer admitted during cross-examination at trial that he reviewed his police report on the arrest immediately before testifying. Bryant's attorney asked for permission to see the report, which the trial court denied. Bryant raised this issue in his motion for new trial. The trial court, in denying the motion, concluded that pretermitting whether the court erred in not allowing Bryant's attorney access to the police report, "the denial of access did not contribute to [Bryant's] conviction."

On appeal, the State does not dispute that the trial court erred in prohibiting the defense attorney from reviewing the report. However, it argues that the error was harmless. We agree.

The Supreme Court has made clear that "if a witness used documents to refresh his memory after the inception of trial, then the

cross-examiner is entitled to examine such documents." *Sterling v. State*, 267 Ga. 209, 211 (3) (477 SE2d 807) (1996); see also *Johnson v. State*, 259 Ga. 403, 405 (383 SE2d 118) (1989). We conclude that while the trial court should have allowed Bryant's counsel to examine the document, the error is not reversible. "[B]ecause of the overwhelming evidence against [Bryant], 'it is highly probable that the error committed as a result of the denial of the motion did not contribute to the verdict and is, therefore, harmless. [Cit.]' [Cit.]" *Sterling*, supra at 211; *Johnson*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1998.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.