A00A0755. IN THE INTEREST OF O. B., a child.

(530 SE2d 735)

MCMURRAY, Presiding Judge.

O. B., a 13-year-old child, filed this appeal after his adjudication of delinquency for committing acts which, if committed by an adult, would constitute the offense of arson in the first degree. O. B. and two other youths were seen throwing a Molotov cocktail into an Atlanta Police Department precinct. Over $14,000 worth of equipment was destroyed.

O. B.'s sole enumeration of error challenges the admission into evidence of a child witness's statement that incriminated O. B. The statement, given by 12-year-old L. S., recalled his chance encounter with O. B. after the incident: "I stopped by the neighborhood store . . . and I seened [O. B.] I asked him did he know who burned the precinct. If he did they could give him some money. And he said I can't get no money cause I did it." The statement was shown to L. S. during the State's direct examination, and he verified his signature. Over O. B.'s objection, the court read the statement into evidence and asked L. S. whether any of the facts it contained needed to be changed. L. S. responded in the negative and was thoroughly cross-examined by defense counsel.

Contrary to O. B.'s assertions, L. S.'s statement was admissible as a prior consistent statement. Such a statement is admissible when

(1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial;

---

and (3) the witness is available for cross-examination. . . . [A] witness's veracity is placed in issue . . . only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross examination.[1]

L. S.'s statement met the foregoing three-part test. L. S. was present and available for cross-examination. Moreover, defense counsel placed L. S.'s veracity in issue when he suggested that L. S. made the statement in order to recover the reward. Accordingly, the trial court did not err in admitting the statement.[2]

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 3, 2000 —
RECONSIDERATION DENIED MARCH 15, 2000.

*Smith, White, Sharma & Halpern, Jonathan Goldberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.

---

[1] *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896).

[2] *Sterling v. State*, 267 Ga. 209, 213 (9) (477 SE2d 807) (witness's veracity need not be placed in issue prior to admission of statement); accord *Render v. State*, 267 Ga. 848, 850 (3) (483 SE2d 570).