# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1805. ROY MOTES v. THE STATE.**

In 1997, a jury found Roy Motes guilty of armed robbery and false imprisonment, and the trial court imposed a total sentence of life in prison without parole. We affirmed Motes's judgment of conviction later that year. *Motes v. State*, 229 Ga. App. 489 (494 SE2d 283) (1997). He later filed two motions to correct an illegal and/or void sentence, both of which the trial court denied, and we dismissed his ensuing appeals. See *Motes v. State*, Case No. A11A2059 (July 19, 2011); *Motes v. State*, Case No. A10A0345 (Oct. 21, 2009).

In January 2023, Motes filed a "Motion for Resentencing under Substantive Change in Law," in which he asked the trial court to modify his sentence by exercising its discretion under OCGA § 17-10-6.1 (e) to impose a sentence below the mandatory minimum. The trial court dismissed the motion on November 3, 2023, and Motes filed a notice of appeal on December 13, 2023. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Motes's notice of appeal was untimely filed 40 days after entry of the order he seeks to appeal, thereby depriving us of jurisdiction over this appeal. See id.

Second, even if this appeal were timely, it is improper. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302

Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order disposing of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In his motion for resentencing, Motes did not allege that the sentence imposed for either of his counts of conviction falls outside the statutory range of punishment for armed robbery or false imprisonment. See *von Thomas*, 293 Ga. at 572 (2). He therefore has not raised a colorable void-sentence claim, which also deprives us of jurisdiction over this appeal. See *Frazier*, 302 Ga. App. at 346, 348-349.

For the above reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   07/18/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Christina Cooley Smith

_____ *, Clerk.*